# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 0501 | **DATE** | March 22, 2012 |
| **CASE TITLE** | Scott D. Nelson (2011-0719087) vs. Dart, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court authorizes and orders Cook County Jail officials to deduct $18.00 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. The Clerk shall: (1) dismiss Defendants Tom Dart and Thomas Lenoir; (2) issue summons for service of the complaint on Defendant Officer J. Black, (3) attach a Magistrate Judge Consent Form to the summons for Defendant Black, and (4) send Plaintiff said Form and Instructions for Submitting Documents along with a copy of this order.

■[For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff, Scott D. Nelson, a pretrial detainee at Cook County Jail, brings this *pro se* civil rights pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $18.00. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the complaint. Plaintiff alleges that another detainee, Thomas Lenoir, attacked another detainee in Plaintiff's presence. Plaintiff told Lenoir to stop, and Lenoir struck Plaintiff in the chest. Correctional Officer J. Black watched the incident through the cell window but did not intervene. Lenoir then hit Plaintiff twice in the face. Officer Black never intervened to help Plaintiff. Plaintiff names Correctional Officer Black, Sheriff Thomas Dart, and detainee Lenoir as Defendants.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Plaintiff has sufficiently pled that Black was personally involved by alleging that he failed to intervene when he saw Plaintiff was in danger.

| STATEMENT |
|---|

However, there are no allegations that Sheriff Dart was involved in any manner and the mere fact that Dart is in a supervisory role is insufficient to establish liability, as the doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). Furthermore, fellow-detainee Lenoir is not a state actor; thus, Plaintiff cannot bring a Section 1983 claim against Lenoir. Nor does Plaintiff allege that Black's failure to intervene was a result of an official policy or custom for official liability to attach. *See Monell v. Department of Social Serv.*, 436 U.S. 658, 692 (1978); *Brokaw v. Mercer County*, 235 F.3d 1000, 1013 (7th Cir.2000).

Based on the foregoing allegations, Plaintiff may proceed on his failure to intervene claim against Officer Black. Defendants Dart and Lenoir are dismissed from this action. The United States Marshals Service is appointed to serve the Defendant Black. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendant. With respect to any former Cook County employee who can no longer be found at the work address provided by Plaintiff, Cook County shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must include the original and a judge's copy of all filings. In addition, Plaintiff must send an exact copy of any filing to Defendant or, if represented by counsel, to counsel for Defendant. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Plaintiff must also insure all pleadings, written motions, and other papers submitted to the Court are signed pursuant to Fed. R. Civ. P. 11(a). Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.